GORLICK, KRAVITZ & LISTHAUS, P.C.
Bruce L. Listhaus (BL2381)
Joy K. Mele (JM0207)
17 State Street, 4th Floor
New York, New York 10004
blisthaus@gkllaw.com
jmele@gkllaw.com
Tel. (212) 269-2500
Fax (212) 269-2540
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CEMENT AND CONCRETE WORKERS :
DISTRICT COUNCIL WELFARE FUND; :
CEMENT AND CONCRETE WORKERS :
DISTRICT COUNCIL PENSION FUND; :
CEMENT AND CONCRETE WORKERS :
DISTRICT COUNCIL ANNUITY FUND; CEMENT : **COMPLAINT**
AND CONCRETE WORKERS TRAINING AND :
APPRENTICESHIP FUND; CEMENT AND :
CONCRETE WORKERS DISTRICT COUNCIL :
SCHOLARSHIP FUND; MARGARET BOWEN, in her :
fiduciary capacity as FUND ADMINISTRATOR; and :
CEMENT AND CONCRETE WORKERS DISTRICT :
COUNCIL, :
                                                                 :
                       **Plaintiffs,**                           :
                                                                 :
      - against -                                                :
                                                                 :
MANNY P CONCRETE CO., INC.                                       :
                                                                 :
                       **Defendant.**                            :
-----------------------------------------------------------------X

Plaintiffs Cement and Concrete Workers District Council Welfare Fund; Cement and Concrete Workers District Council Pension Fund; Cement and Concrete Workers District Council Annuity Fund; Cement and Concrete Workers Training and Apprenticeship Fund; Cement and Concrete Workers District Council Scholarship Fund (collectively, the "Funds"); and Margaret

Bowen, in her fiduciary capacity as Fund Administrator ("Bowen"); and Cement and Concrete Workers District Council (the "Union") (collectively "Plaintiffs"), by and through their attorneys, Gorlick, Kravitz & Listhaus, P.C., as and for their Complaint against Defendant Manny P Concrete Co Inc. ("Manny P"), respectfully allege as follows:

## NATURE OF THE ACTION AND JURISDICTION

1. This is a civil action brought pursuant to, *inter alia*, Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145 by the Funds, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, by the Union for breach of contract, injunctive relief, and for other equitable relief under ERISA.

2. This Complaint alleges that by failing, refusing, or neglecting to comply with specific statutory and contractual obligations, Manny P violated its collective bargaining agreement obligations, the Funds' respective trust agreements, the LMRA, and ERISA.

3. Jurisdiction of this Court is invoked under the following statutes:

    a. ERISA § 502(e)(1) and (f) (29 U.S.C. § 1132(e)(1) and (f));

    b. LMRA § 301 (29 U.S.C. § 185);

    c. 28 U.S.C. § 1331 (federal question); and

    d. 28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce).

4. Venue properly lies in this district under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185(c) because the Funds and the Union are administered in this district, the contractual breaches took place in this district and Manny P resides and/or may be found in this district. Service of process may be made on Manny P in any other district in which it may be found pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)).

## PARTIES

5.  The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Taft-Hartley Act §§ 302(c)(5) and (c)(6) (29 U.S.C. § 186(c)(5) and (c)(6)). The Funds also are employee benefit plans within the meaning of ERISA §§ 3(1), 3(2), 3(3) and 502(d)(1) (29 U.S.C. §§ 1002(1)-(3), and 1132(d)(1)), and multi-employer plans within the meaning of ERISA §§ 3(37) and 515 (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suits as independent legal entities under ERISA § 502(d)(1) (29 U.S.C. § 1132(d)(1)).

6.  The Funds provide fringe benefits to eligible employees on whose behalf employers in the construction industry contribute to the Funds pursuant to collective bargaining agreements between such employers and the Union. The Funds are third-party beneficiaries to such collective bargaining agreements as collectors and trustees of employer contributions made pursuant to these collective bargaining agreements. The Funds maintain their offices and are administered at 35-30 Francis Lewis Blvd., Suite 201, Flushing, NY 11358.

7.  Plaintiff Bowen is the Funds' Administrator and is a fiduciary of the Funds within the meaning of ERISA §§ 3(21) and 502 (29 U.S.C. §§ 1002(21) and 1132). Bowen brings this action in her fiduciary capacity.

8.  The Union is a labor organization within the meaning of the Taft-Hartley Act § 301 (29 U.S.C. § 185) and represents employees in an industry affecting commerce as defined by the Taft-Hartley Act § 501 (29 U.S.C. § 142) and ERISA § 3(4) (29 U.S.C. § 1002(4)). The Union is administered at its principal office located at 29-18 35th Avenue, Astoria, New York 11106.

9.  The Union collects, in accordance with the collective bargaining agreements, checkoffs from employees who authorize their employers to deduct from their wages dues and

contributions to the Organizer Fund, and the New York State Laborers' Political Action Committee ("NYSLPAC") and remit the checkoffs to the Union.

10.     Defendant Manny P is a for-profit domestic corporation doing business in the State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and is an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185. Upon information and belief, Manny P's principal office is located at 144-04 Liberty Avenue, Jamaica, NY 11554.

## BACKGROUND FACTS

11.     On or about July 9, 2013, Manny P signed a Letter of Assent agreeing to be bound by the City University of New York Brooklyn College Performing Arts Center New Addition Project Labor Agreement ("PLA") to which the Union is a party.

12.     By signing the Letter of Assent, Manny P agreed to be bound by the Union's collective bargaining agreements ("CBA") and Trust Agreements establishing the plaintiff Funds as set forth in the PLA.

13.     Pursuant to the terms of the PLA, the Trust Agreements, and the CBA, Manny P was, among other things, required to: (i) submit to the Funds reports detailing the number of hours that Manny P employees performed work within the trade and geographic jurisdictions of the Union ("Covered Work"); (ii) make fringe benefit contributions to the Funds based on the number of hours of Covered Work Manny P employees perform; (iii) deduct dues and contributions to the Organizer Fund and NYSLPAC from the wages of employees who performed Covered Work and authorized such deductions in writing; (iv) remit all deducted dues and Organizer Fund and NYSLPAC contributions to the Union; (v) permit the Funds and/or their designated representatives

to audit Manny P books and records; and (vi) apply interest and other fees and costs on delinquent fringe benefit contributions and checkoffs.

14.     Manny P has failed to permit the Funds and their designated representative to schedule and conduct an audit of its books and records for the time period of March 25, 2015 to the present, although duly demanded by the Funds by letters dated February 21, 2017, April 24, 2017, and March 28, 2019.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (DEMAND FOR AN ORDER DIRECTING MANNY P TO PERMIT AND COOPERATE IN AN AUDIT OF IT'S BOOKS AND RECORDS PURSUANT TO THE PLA, THE TRUST AGREEMENTS, AND THE CBA)

15.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 14, as if fully set forth herein.

16.     Pursuant to the PLA, the Trust Agreements, and the CBA, Plaintiffs are entitled to an audit of Manny P's books and records.

17.     Article XI § 11 of the CBA requires Manny P to retain, for a minimum period of six (6) years, payroll and related records necessary for the conduct of a proper audit in order that a designated representative of the Trustees may make periodic review to confirm that contributions owed pursuant to the CBA are paid in full.

18.     Article XI § 11 of the CBA requires Manny P to, *inter alia*, permit and cooperate with the Funds and/or their designated representative in the conduct of audits of its books and records, which include, without limitation:

> [A]ll payrolls and payroll ledgers including office payrolls, yard payrolls, New York payrolls, New Jersey payrolls, computer payroll printouts, W-2 forms, quarterly payroll tax returns (Form 941), quarterly state payroll tax returns (Form NYS 45), annual federal and state tax returns, journals, purchase journals, New York State employment records, insurance company reports, employer remittance reports, payroll and supporting checks, ledgers, expense vouchers, 1099 forms, cash disbursements, check

5

register, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, checks in support of any governmental filings or tax payments, remittance reports and checks in support thereof and any other documentation concerning payment of fringe benefit contributions […] and any other items concerning payrolls.

19. The Trust Agreements provide that:

The Trustees may call upon the Employers . . . to furnish to the Trustees such information and reports as they may require in the performance of their duties . . .and the Employers . . . shall furnish the same when so requested. The Trustees or their representatives . . . shall have the right to audit and examine all payrolls and payroll ledgers, including office payrolls, yard payrolls, New York payrolls, New Jersey payrolls, computer payroll printouts, W-2 forms, quarterly federal payroll tax returns (Form 941), quarterly state payroll tax returns (Forms WRS-2 and WRS-30), annual federal and state tax returns, cash disbursements, journals, purchase journals, New York State employment records, insurance company reports, employer remittance reports, payroll and supporting checks, ledgers, vouchers, 1099 forms, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, checks in support of any governmental filings of tax payments, remittance reports and checks in support thereof and any other documentation concerning payment of fringe benefit contributions for hours worked by Employees remitted to multi-employer fringe benefit funds . . . and any other books or records which the Trustees deem necessary or desirable in connection with the proper administration of the . . . Fund.

20. Although the Funds formerly requested the production of the books and records of Manny P in order to determine whether fringe benefit contributions, dues, and Organizer Fund and NYSLPAC contributions have been properly paid, to date, Manny P has refused to permit the Funds and their designated representatives to schedule and conduct an audit for the time period of March 25, 2015 through the present.

21. Manny P's failure to permit and cooperate in an audit of its books and records is a violation of the PLA, the Trust Agreements, and the CBA.

22. Accordingly, pursuant to the terms of the PLA, the Trust Agreements, and the CBA,

the Funds demand an order directing Manny P to permit and cooperate with the Funds and/or their designated representatives in the conduct of an audit of Manny P's books and records for the period of March 25, 2015 through the present.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### (DEMAND FOR AN ORDER DIRECTING MANNY P TO PERMIT AND COOPERATE IN AN AUDIT OF IT'S BOOKS AND RECORDS PURSUANT TO ERISA)

23. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 22, as if fully set forth herein.

24. Pursuant to the PLA, the Trust Agreements, and the CBA, Plaintiffs are entitled to an audit of Manny P's books and records.

25. ERISA requires every employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." 29 U.S.C. § 1059(a)(1).

26. Although the Funds formerly requested the production of the books and records of Manny P in order to determine whether fringe benefit contributions, dues, and Organizer Fund and NYSLPAC contributions have been properly paid, to date, Manny P has refused to permit the Funds and their designated representatives to schedule and conduct an audit for the time period of March 25, 2015 through the present.

27. Manny P's failure to permit and cooperate in an audit of its books and records is a violation of ERISA and the PLA, the Trust Agreements, and CBA.

28. Accordingly, pursuant to ERISA and the terms of the PLA, the Trust Agreements, CBA, the Funds demand an order directing Manny P to permit and cooperate with the Funds and/or their designated representatives in the conduct of an audit of Manny P's books and records for the period of March 25, 2015 through the present

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (CLAIM FOR FRINGE BENEFIT CONTRIBUTIONS, DUES, ORGANIZER FUND AND NYSLPAC CONTRIBUTIONS, AUDIT COSTS AND OTHER STATUTORY AND CONTRACTUAL DAMAGES FOUND PURSUANT TO AN AUDIT OF MANNY P'S BOOKS AND RECORDS)

29. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 28, as if fully set forth herein.

30. Pursuant to the PLA, the Trust Agreements, and the CBA, Manny P must make fringe benefit contributions to the Funds for each hour of Covered Work performed by Manny P's employees.

31. Pursuant to the PLA, the Trust Agreements, and the CBA, Manny P is also obligated to deduct and remit to the Union or to any agency designated by the Union, dues and Organizer Fund and NYSLPAC contributions withheld from the wages of employees who perform Covered Work and who authorized such deductions.

32. Pursuant to the PLA, the Trust Agreements, and the CBA, if Manny P is delinquent in the payment of fringe benefit contributions, dues, and/or Organizer Fund and NYSLPAC contributions, it is obligated to pay the outstanding contributions and checkoffs plus interests, liquidated damages, and costs, including but not limited to reasonable audit and accounting expenses, witness costs, attorneys' fees and court costs, to the Funds and/or the Union.

33. Article XI § 11 of the CBA requires employers found delinquent in their payment of contributions to Plaintiffs to pay interest on the unpaid amounts at the rate of eighteen percent (18%) per annum.

34. Article XI § 11 of the CBA requires employers delinquent in their payment of contributions to the Funds to pay all costs, including but not limited to reasonable audit and accounting expenses, witness costs, attorneys' fees and court costs.

8

35. Article XI § 11 of the CBA requires employers delinquent in their payment of contributions to Plaintiffs to pay liquidated damages on the unpaid amounts at the rate of twenty percent (20%).

36. Article XI § 11 of the CBA provides that in the event that formal proceedings to recover unpaid contributions are instituted and the Court renders judgment for the Funds, Manny P must pay to Plaintiffs: (i) the unpaid contributions; (ii) interest on the unpaid contributions; (iii) liquidated damages; and (iv) the Funds' costs and attorneys' fees.

37. ERISA § 515 requires employers to make contributions in accordance with the terms and conditions of collective bargaining agreements. 29 U.S.C. § 1145.

38. Manny P is an employer under ERISA and is bound by the PLA, the Trust Agreements and the CBA.

39. A failure to make required contributions is a violation of ERISA § 515, 29 U.S.C. § 1145.

40. Once it is found that an employer has violated ERISA § 515, the Court is required by ERISA § 502(g)(2) to award the Funds: (a) all unpaid ERISA fringe benefit contributions; (b) interest on the unpaid contributions; (c) an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the Funds' plan; (d) reasonable attorneys' fees and costs incurred in prosecuting the action; and (e) such other legal and equitable relief as the Court deems appropriate. Interest on unpaid contributions shall be determined by using the rate provided under the Funds' plan, or, if none, the rate prescribed under Section 6621 of Title 26 of the United States Code. 29 U.S.C. § 1132(g)(2).

41. The failure, refusal or neglect of Manny P to permit and cooperate in an audit of its books and records constitutes a violation of ERISA, the Funds' Trust Agreements, and the PLA

and the CBA to which the Funds are third-party beneficiaries.

42. Accordingly, Manny P is liable to Plaintiffs as and for all unpaid fringe benefit contributions, dues, and Organizer Fund and NYLSPAC contributions found due and owing pursuant to an audit of Manny P's books and records for the period of March 25, 2015 to the present, plus interest, liquidated damages, attorneys' fees and costs, the cost of the audit, and such other legal or equitable relief as the Court deems appropriate.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
### (CLAIM FOR COST OF THE AUDIT)

43. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 42, as if fully set forth herein.

44. The CBA requires employers delinquent in their payment of contributions and checkoffs to pay all costs, including but not limited to reasonable audit and accounting expenses.

45. Accordingly, Manny P is obligated to pay the cost of the audit in the event that the requested audit of its books and records discloses a delinquency in its payment of contributions and checkoffs.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### (CLAIM FOR BREACH OF CONTRACT FOR FAILING TO POST A BOND)

46. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

47. Pursuant to the CBA, Manny P is required, *inter alia*, to post a surety bond to ensure payment of contributions that become due and owing to the Funds. Article XI § 9(a) of the CBA provides in relevant part:

> Each Employer shall post a surety bond to insure payment of contributions to the C&CWDC Fringe Benefit Funds as follows:

| *Number of Members* | *Amount* |
| *Of Bargaining Unit* | *of Bond* |
| Employers employing up to and including fifteen (15) Employees | $50,000.00 |
| Employers employing over Fifteen (15) Employees | $75,000.00 |

In lieu of a bond or as a supplement to the bond, an Employer may furnish a cash alternative in the amount of the bond required herein in full satisfaction of this bonding required.

48.     Upon information and belief, Manny P has not posted a bond or provided the Funds or the Union with a cash alternative.

49.     The failure, refusal or neglect of Manny P to post the required bond or cash alternative is a breach of the CBA, the Trust Agreements, and the PLA.

50.     Accordingly, pursuant to the CBA, the Trust Agreements and the PLA, Manny P is required to post a bond or furnish a cash alternative in the amount of the bond.

## AS AND FOR A SIXTH CLAIM FOR RELIEF
### (CLAIM FOR INJUNCTIVE RELIEF)

51.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 50 of this Complaint, as if fully set for the herein.

52.     Pursuant to the PLA, the Trust Agreements, and the CBA, Manny P is required to timely pay fringe benefit contributions, dues, and Organizer Fund and NYSLPAC contributions to the Funds and the Union, timely submit all required reports to the Funds and the Union, and permit and cooperate in the conduct of audits of Manny P's books and records for so long as it remains obligated to do so.

53.     Article XI § 11(g) of the CBA provides:

Where payment is made or an audit is conducted pursuant to a judgment or court order, the Employer recognizes the right of the […] Funds to have the court enter an order permanently enjoining the Employer and its agents,

representatives, directors, officers, stockholders, employees, successors and assigns, for the remaining term of the Agreement from failing, refusing or neglecting to submit the required employer remittance reports and/or to pay the required contributions to the [...] Funds and requiring the Employer to cooperate in an audit in accordance with the provisions of the Agreement. In consideration of the Agreement, the Employer represents and warrants that it will not raise any defense, counterclaim or offset to the [Funds'] application for this order.

54. Because Manny P has refused to permit and cooperate in an audit of its books and records, Plaintiffs are unable to determine whether fringe benefit contributions, dues, and Organizer Fund and NYSLPAC contributions have been properly paid.

55. Manny P's refusal to permit and cooperate in an audit of its books and records is a breach of its obligations under the PLA, the Trust Agreements, and the CBA. Manny P's conduct demonstrates a significant likelihood that it will continue to breach the terms of the PLA, the Trust Agreements, and the CBA.

56. Plaintiffs have no adequate remedy at law to ensure that Manny P will adhere to the terms of the PLA, the Trust Agreements and the CBA.

57. Plaintiffs will suffer immediate and irreparable injury unless the court issues an injunction that requires Manny P, now and for as long as it remains bound by the PLA, and its officers, agents, servants and employees to pay and/or submit to the Funds and/or the Union the required monetary contributions, dues, and Organizer Fund and NYSLPAC contributions, and permit and cooperate in the conduct of audits.

58. Accordingly, Plaintiffs request that the court issue an injunction permanently enjoining Manny P, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from failing, refusing or neglecting to pay and/or submit to the Funds and/or the Union the required contributions and checkoffs, and permit

and cooperate in the conduct of audits for so long as Manny P remains obligated to do so.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF
### (CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA)

59.   Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 58 of this Complaint, as if fully set for the herein.

60.   Manny P is required under ERISA to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." 29 U.S.C. § 1059(a)(1).

61.   Because Manny P has refused to permit and cooperate in an audit of its books and records, Plaintiffs are unable to determine the benefits due or which may become due.

62.   Manny P's refusal to permit and cooperate in an audit of its books and records is a breach of its statutory obligations under ERISA. Manny P's prior conduct demonstrates a significant likelihood that it will continue to breach the aforementioned statutory and contractual provisions.

63.   The Funds have no adequate remedy at law to ensure Manny P will continue to adhere to its statutory obligations.

64.   The Funds will suffer immediate and irreparable injury unless Manny P, its officers, agents, servants and employees are enjoined from failing, refusing, or neglecting to pay and/or submit the required monetary contributions to the Funds and permit and cooperate in the conduct of an audit of Manny P's books and records for so long as Manny P remains obligated to do so pursuant to ERISA.

65.   Accordingly, the Funds request this Court to issue an injunction permanently enjoining Manny P, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise

from violating ERISA by failing, refusing, or neglecting to pay and/or submit the required contributions to the Funds, and requiring it to permit and cooperate in the conduct of an audit of Manny P's books and records for the term of the PLA      .

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Manny P:

    a)    for an Order requiring Manny P to permit and cooperate in the conduct of an audit of its books and records for the period of March 25, 2015 through the present by the Funds or its representatives;

    b)    for Plaintiffs' costs and attorneys' fees;

    c)    for the cost of the audit in the event that the audit discloses a delinquency in its payment of contributions and/or checkoffs;

    d)    for all delinquent fringe benefit contributions, dues, and Organizer Fund and NYSLPAC contributions found due and owing for the period of the audit;

    e)    for interest on all fringe benefit contributions, dues, and Organizer Fund and NYSLPAC contributions from the time such contributions and checkoffs were due to the date of payment at the rate of eighteen (18%) per annum;

    f)    for liquidated damages on the delinquent fringe benefit contributions, and dues, and Organizer Fund and NYSLPAC contributions from the time such contributions and checkoffs were due to the date of payment at the rate of twenty percent (20%);

    g)    for all statutory damages on all fringe benefit contributions found due and owing for the period of the audit, including but not limited to interest, liquidated damages, reasonable attorney's fees and costs, and such other legal and equitable relief as the Court deems appropriate in accordance with ERISA § 502(g)(2) and the CBA;

    h)    for an Order requiring Manny P to post and maintain a bond or provide a cash alternative;

    i)    for an Order requiring Manny P and its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order, by personal service or otherwise, for so long as it remains obligated to contribute to the Funds and the Union, and to permit and cooperate in the conduct of audits in accordance with the applicable PLA, Trust Agreements and the CBA;

j)     for an Order requiring Manny P and its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order, by personal service or otherwise, for so long as it remains obligated to contribute to the Funds, and to permit and cooperate in the conduct of audits in accordance with ERISA and the applicable PLA, Trust Agreements, and CBA; and

k)     for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       April 11, 2019

                              GORLICK, KRAVITZ & LISTHAUS, P.C.
                              *Attorneys for Plaintiffs*

                              By: _____
                                  Bruce L. Listhaus (BL2381)
                                  Joy K. Mele (JM0207)
                                  17 State Street, 4th Floor
                                  New York, New York 10004
                                  blisthaus@gkllaw.com
                                  jmele@gkllaw.com
                                  Tel. (212) 269-2500
                                  Fax (212) 269-2540